AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| Ahmoi Lewis | ) Case No. |
| | ) 8:22MJ1175-EAJ |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 15, 2020__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) and (b)(1)(C) | Distribution of a controlled substance |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

(TFO) *Bryan McClain*
*Complainant's signature*

Bryan McClain, Task Force Officer, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 02/22/2022

*Judge's signature*

City and state: Tampa, Florida

Elizabeth Jenkins, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Bryan McClain, after being duly sworn, depose and state as follows:

### Introduction and Agent Background

1. I have been employed as a police officer for the city of Tampa Police Department since 2004. I have been worked in the Tampa Police Department's narcotics division since 2010. I am also a Task Force Agent with the Drug Enforcement Administration (DEA) and have been so employed since April 2018. I am currently assigned to the DEA's Tampa District Office in the Middle District of Florida. My duties as a Task Force Officer include the investigation of various crimes, including drug-trafficking offenses found in Title 21 of the United States Code and firearm offenses found in Title 18. During my time I have completed several investigative classes involving drug operation and the prosecution of such cases.

2. This affidavit is being submitted in support of a criminal complaint charging Ahmoi Cecil LEWIS and with distribution of fentanyl, a violation of 21 U.S.C §841(a)(1), and (b)(1)(c).

3. This affidavit does not contain all of the information I know about LEWIS and the investigation of his criminal activities. Because the purpose of this affidavit is to provide probable cause to issue a warrant for the LEWIS's arrest, I have not included every fact I know about this investigation. I have included only those facts that I believe are necessary to establish probable cause. The information

in this affidavit is based upon my personal observations and knowledge, as well as information provided to me by other law enforcement officers.

## Statutory Authority

4. I submit this affidavit in support of a criminal complaint charging Ahmoi Cecil LEWIS with conspiracy to possess with intent to distribute Fentanyl, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). As discussed below, this offense occurred in the Middle District of Florida.

5. I am a law-enforcement officer under the meaning of 18 U.S.C. § 2510(7), and I am therefore empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

## Probable Cause

6. On October 15, 2020, agents used an undercover cover (UC) detective to conduct a controlled narcotics purchase from LEWIS.

7. On that same day the UC made contact with an associate of LEWIS to arrange to purchase 50 grams of heroin. The associate of LEWIS is not a cooperating source and was unaware of the investigation or the nature of the UC's contact.

8. The associate of LEWIS contacted LEWIS and arranged for the UC to purchase 50 grams of heroin from LEWIS for $5,000.

9. Later that day, the UC picked up the associate of LEWIS in an undercover vehicle that had been outfitted with audio and video recording equipment.

10. The UC drove the associate of LEWIS to a residence in Tampa, within the Middle District of Florida.

11. Lewis met the UC and an associate of LEWIS at the residence. LEWIS got into the backseat of undercover vehicle.

12. LEWIS exchanged 50 grams of a substance that LEWIS stated was heroin with UC for $5000. LEWIS and the associate got out of the vehicle after the transaction.

13. The UC conducted a field test on the substance that LEWIS gave the UC and discovered that the substance did not test positive for heroin.

14. A lab test of the substance LEWIS provided showed that the substance tested positive for fentanyl with a purity of 2%.

### Conclusion

15. Based on the facts described above, I submit that there is probable cause to believe that LEWIS, on October 15, 2020, in the Middle District of Florida, conspired to possess with the intent to distribute fentanyl, a violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(c). I therefore request that the Court issue a warrant to arrest LEWIS on this offense.

Bryan McClain Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to in accordance with Fed. R. Crim. P. 4.1 by telephone on February 22nd, 2022.

ELIZABETH A. JENKINS
United States Magistrate Judge

3